JOHN HIGHFIELD ·*et al.*, plaintiffs in error, *vs.* ZEBULON T. PHELPS *et al.*, defendants in error.

[TRIPPE, Judge, was providentially prevented from presiding in this case.]

If one of the attesting witnesses to a deed be a magistrate, the conclusion of law is that he saw the instrument legally executed—that is, signed, sealed and delivered, so as to authorize the same to be admitted to record.

Deed. Witness. Presumption. Registry. Before Judge STROZER. Randolph Superior Court. May Term, 1874.

For the facts of this case, see the decision.

B. S. WORRILL, for plaintiffs in error.

A. HOOD, for defendants.

WARNER, Chief Justice.

This was an action of ejectment, brought by the plaintiffs against the defendants, to recover possession of lot of land number two hundred and seventy-three, in the fifth district of Randolph county. On the trial of the case, the plaintiffs offered in evidence a deed from one Higgins, made under a power of attorney, and which had been recorded, as a part of his chain of title. The defendants objected to the admission of this deed in evidence, on the ground that it was not legally probated so as to authorize the same to have been admitted to record, which objection was sustained by the court, and the plaintiffs non-suited; whereupon the plaintiffs excepted.

The attestation clause of the deed recited, "In witness whereof, I have hereunto affixed my seal and assigned my name, in the presence of," etc., which was attested by Charles Mitchell and N. H. Pendergrast, justice of the peace, as witnesses. A deed to land executed in this state must be attested by at least two witnesses, and if one of the attesting witnesses is a justice of the peace or a notary public, that will entitle the deed to be recorded. The objection to the attestation clause in this deed is, that it does not recite that it was *delivered*. In *Dinkins vs. Moore,* 17 *Georgia Reports,* 62, it was held that if one of the attesting witnesses to a deed be a magistrate, an officer appointed by the law to perform this duty, the conclusion of law is, that he saw the instrument legally executed—that is, signed, sealed and delivered, so as to authorize the same to be admitted to record. This deed offered in evidence by the plaintiffs having been recorded on the attestation of a justice of the peace, and one other witness, it was error in the court in rejecting it at the trial.

Let the judgment of the court below be reversed.