O'NEAL *et al.* executor, *vs.* BROWN *et al.*

[SPEER, Justice, being disqualified in this case, Judge Underwood, of the Rome circuit, was appointed by the governor to preside in his place.]

1. An exception to the entire charge, containing several distinct propositions of law, without specifying errors, is not good.
2. The delivery of a deed consists in the transfer of possession and dominion, and is complete at the moment when the deed is in the hands or power of the grantee with the consent of the grantor and with his intent that it should operate and enure as a muniment of title to the grantee. The presence of the latter is not necessary; it is sufficient that the deed goes out of the hands or control of the grantor with his intent that it should go to those of the grantee, and that it ultimately does so. Even though the deed reaches the grantee after the death of the grantor, having been previously left with a third person for the use of the grantee, it is a good delivery.
(*a.*) Where the effect of a delivery of a deed made before the death of the grantor would be to partially revoke his will, and change bequests therein solemnly made, and while leaving the will operative as to the grantees, the deed would destroy a legacy to another heir, the son and appointed executor of the grantor, who would be left

wholly unprovided for, the proof of delivery should be clear and explicit. Especially so where the legal effect of delivery would be to change the whole scheme of the grantor in the distribution of his estate.

(*b*.) The issues in this case were not fully and fairly submitted in the charge.

Practice in Supreme Court. Deeds. Wills. Charge of Court. Before Judge WILLIS. Monroe Superior Court. February Adjourned Term, 1881.

To the report contained in the decision it is only necessary to add that the sixth ground of the motion for a new trial was because the court charged as follows:

"If Spencer Sullivan made a deed to Mary E. Brown, and a deed to G. Z. Sullivan, and said to W. J. Brown that the deeds were in his drawer, and he desired him to get them and have them recorded, and if he told Brown to enter upon and improve that portion conveyed to his wife, and told G. Z. Sullivan that he was entitled to the crops made on that portion conveyed to him, this was a sufficient delivery of both the deeds and the land therein conveyed, provided by this declaration Sullivan intended then and there by his words to renounce all dominion over either the deed or the land to complainants, and for them to acquire dominion over the one or the other.

"Actual manual delivery is not essential to delivery of the gift. Any act which indicates a renunciation of dominion by the donor and the transfer of dominion to the donee, is a constructive delivery.

"If the lands conveyed by the deed were delivered either actually or constructively to the donees, then this was a good delivery of both the deeds and the lands.

"A deed may be delivered by words or acts, if such words or acts manifest a purpose on the part of the donor to part with the dominion over it. If Sullivan delivered the deeds to the donees, either by giving the control or the dominion of the deeds, or by delivery of the land, the

title vested in the donees, and Spencer Sullivan could not revoke it."

J. A. HUNT; CABANISS & TURNER; by HARRISON & PEEPLES, for plaintiff in error.

BERNER & TURNER; JOHN I. HALL, for defendants.

CRAWFORD, Justice.

Mary E. Brown for herself and as next friend of George Z. Sullivan, filed a bill in equity against Griffin O'Neal and James W. Sullivan, who were the executors of Spencer Sullivan, to recover two certain parcels of land which she claimed had been conveyed to them by the testator— their grandfather—and which lands the said executors were proceeding to sell as a part of his estate. The material allegations of the bill were that in August, 1878, their said grandfather executed deeds of gift to them by which he conveyed to the said Mary E. 160 acres of land, lot number 58, in the 11th district of Monroe county, and to George Z. Sullivan 180 acres, also in said county, and known as the Lester place.

That soon after the execution of the deeds aforesaid Spencer Sullivan was taken sick, from which sickness he died, so that the deeds were not turned over to them, but were delivered, and the husband of the said Mary E. was directed to have them recorded, but owing to the extreme illness of the said grantor the same was not done during his life.

That the land conveyed by said deed to complainant, Mary E. Brown, had been, by a will of the testator, bequeathed to James W. Sullivan, but that the said testator declared his intention before making the deed to change his will and give this land to the said Mary E. Brown.

It is further charged that the deeds were left at the house of O'Neal, one of the executors, and where the said Spencer Sullivan died, and that the said executors getting

possession of them have destroyed them, or not having destroyed them, refuse to deliver them up, that they may thereby administer this land as the property of the deceased and defeat the just rights of the complainants. " The prayer of the bill is for a delivery of the deeds, if they have not been destroyed, or an establishment thereof if they have been, and that the executors turn over the possession of the land and account for the rents thereof.

The answer of the defendants admits the writing of the deeds, but denies that it was the testator's intention, before or at his death, to deliver the same, but desired that they should be destroyed and to have his property otherwise distributed. That there were other deeds also written at the same time, but that the testator did not wish them delivered until he had finished making provision for the balance of his family, which he became too ill to do.

Upon the trial of the issues herein made the jury found a verdict for the complainants. The defendants made a motion for a new trial which was refused, and that refusal is the error assigned in this case.

The right of the defendants to a new trial depends not so directly upon the facts of the case as upon the errors alleged to have been committed by the court in its charge to the jury. The testimony was, in our opinion, quite sufficient to have sustained a verdict either for the plaintiffs or the defendants, had the issue been so distinctly presented, as that the theory of each party could have been thoroughly understood and passed upon by the jury.

1. Passing by, therefore, the statutory grounds in this motion for a new trial, we come to the fifth, which alleges error in the general charge of the court, consisting of several propositions on the subject of actual and constructive delivery of the deeds and other kindred matters, wherein the errors alleged should have been, but are not, plainly specified as required by §4251 of the Code. This court, beginning with 14 *Ga.*, 404, and continuously down to the 61 *Ga.*, 253, has held that such an exception is too vague

and indefinite to be considered, unless the whole is illegal; such not being the fact in this charge, it must be disposed of as those of a like character have been heretofore.

2. The real question in this case was whether the grantor, Spencer Sullivan, intended to have his estate distributed under his will which he had made in 1870, or under an executory scheme which he commenced in August, 1878, by making deeds of conveyance to his heirs at law. The theory and claim of the complainants below and defendants in error here was, that he intended for his will to stand, and that the deeds which he had executed to five out of seven of his heirs should also be of full force and effect, and especially those which had been made to them.

The theory of the plaintiffs in error and defendants below was, that he had an executory scheme by which he was to divide his estate himself in his life time between his heirs at law, thereby revoking his will, and that after making the deeds aforesaid he became too ill to complete it, and died without having done so.

The purpose, therefore, in the case of the plaintiffs below was, to show not only the execution of the deeds to them but their delivery also. The execution was admitted by the defendants, but the delivery was not only denied, but they further insisted that this execution was only a part of an unfinished scheme by which he was to dispose of his entire estate and thereby revoke his will. That he never intended to deliver any until all were finished, and that he became to ill to perfect his scheme, which was to make provision for his wife and James W. Sullivan, which he was never able to do.

Taking then this view of the case, was the charge as set forth in the sixth ground of the motion for a new trial a full and fair presentation of the questions made? We think not. Nor can we agree to this part of this charge which asserts that, if "Sullivan intended then and there by his words to renounce all dominion over either the deeds or the land

to complainants and for them to acquire dominion over the one or the other," that "this was a sufficient delivery of both the deeds and the lands conveyed." Nor in this, that "if the lands conveyed by the donor were delivered either actually or constructively to the donees, then this was a good delivery of both the deeds and the land.    If Sullivan delivered the deeds to the donees either by giving them control or dominion of the deeds, or by delivery of the land, the title or titles vested in the donees, and Spencer Sullivan could not revoke it."

The delivery of a deed in a legal sense, consists in the transfer of the possession and dominion, and it is complete at the moment when the deed is in the hands or power of the grantee with the consent of the grantor and with his intent that it should operate and enure as a muniment of title to the grantee.    The grantee's presence is not necessary; it is sufficient that the deed goes out of the hands or control of the grantor, with his intent that it should go to those of the grantee, and that it ultimately does so. Greenleaf's Cruise on Real Property, vol. 2, p. 42, and the cases there cited.

It matters not though the grantor be dead at the time when the deed reaches the hands of the grantee, if it were previously left with a third person for his use.    2 Mass., 447; 17 *Ib.*, 213, 220, 221, ; 3 Met., 412; 1 Johns Ch. Rep., 240, 254–5.

A deed may be delivered by acts without words, or words without acts, or by both.    Any thing which clearly manifests the intention that the deed shall presently become operative and effectual is sufficient.    2 Gillman and authorities cited.    It is, however, to be remembered, that all the authorities concur in laying down the rule, that the same strictness is not required in cases of the delivery of voluntary deeds as in the ordinary cases of bargain and sale.

These are the general rules which govern in the matter of delivery of deeds.    But where the facts of the case

show that the effect of the delivery of a deed is partially to revoke a will and thereby change bequests therein solemnly made, and whilst it remains operative to the grantees, it destroys a legacy to another heir, and that heir the executor and son of the grantor, who would be wholly unprovided for, then the proof of the delivery should be clear and explicit. More especially should this be so where the legal effect would be to change the whole scheme of the grantor in the distribution of his estate.

This view of the case, we think, should have been clearly and distinctly put before the jury, so that they could have passed on the facts in the light of the two theories so manifest and so important to the parties.

Judgment reversed.