### Maddox *vs.* Gray, administrator.

[Jackson, C. J., not presiding, on account of providential cause.]

Delivery of a deed is essential to the conveyance of title thereby. Where it was shown that a deed was made, and that the grantor said that the land belonged to the grantee, but it was proved that the deed never was recorded, and was found by the grantee among the papers of the grantor after his death, there was no sufficient evidence of delivery, and a verdict finding against a title set up under such a deed was right.

January 12, 1886.

Deeds. Delivery. Title. Before Judge Roney. Columbia Superior Court. September Adjourned Term, 1884.

Gray, administrator of Jackson Maddox, brought complaint for land against Benjamin F. Maddox, and on the trial, the jury found for the plaintiff, with mesne profits. The defendant moved for a new trial, which was refused, and he excepted.

Salem Dutcher; D. C. Moore, for plaintiff in error.

Thos. E. Watson, for defendant.

BLANDFORD, Justice.

The question in this case is, whether a certain deed from Jackson Maddox in his lifetime, to the plaintiff in error (B F. Maddox), was ever delivered. The making of the deed and the sayings of Jackson Maddox, that the land in dispute belonged to his brother, Ben, were shown; on the other hand, it was shown by the statements of B. F. Maddox that he found the deed among the papers of his brother, Jackson Maddox. The same was never recorded in Jackson Maddox's life time. We think it quite clear in this case that one of the essential elements in the deed is wanting—the delivery. A deed is a writing, sealed and delivered. Without delivery the deed is nothing and conveys no title. See *Ross, administrator, vs. Campbell et al.*, decided at the September term, 1884, of this court. 73 *Ga.*, 309. The verdict and judgment in this case was right, and the new trial should have been refused.

Judgment affirmed.