### LUNDY et al. v. LUNDY et al.

HILL, J. Where heirs of a decedent seek by equitable proceedings to set aside a purchase by the administrator at his own sale of land belonging to the estate, and where the element of time during which they have delayed to bring such action is controlling, by former rulings of this court it has been declared that, in the absence of special circumstances modifying the rule, it will be declared as matter of law that a delay to bring such action for more than seven years will operate as a bar as to those who are sui juris. *Candler* v. *Clarke*, 90 *Ga*. 550, 557 (16 S. E. 545); *Word* v. *Davis*, 107 *Ga*. 780 (33 S. E. 691); *Griffin* v. *Stephens*, 119 *Ga*. 138 (46 S. E. 66).

(a) Whether or not under the facts of a particular case the heirs may be found as matter of fact to be barred by laches, if they have delayed to bring such a suit for a time less than seven years, is not now in question.

(b) In the present case the proceeding to set aside the purchase by the administrator at his own sale was not instituted until twenty-six years after the sale. The petition contained no allegations of fraud or concealment, or the like, which would suffice to prevent the general rule above announced from applying.

(c) One of the plaintiffs became of age within less than seven years before the commencement of the action; and it can not be declared as matter of law that the allegations of the petition show that he delayed for an unreasonable time in bringing the action. Accordingly, as to him it was erroneous to sustain a demurrer based on that ground.

(d) In accordance with the preceding headnotes, the judgment is affirmed so far as it dismissed the action as to all of the plaintiffs except the one last above mentioned, and reversed so far as it sustained the demurrer and dismissed the action as to him.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*
FEBRUARY 23, 1914.

Equitable petition. Before Judge James B. Park. Greene superior court. January 31, 1913.

*George A. Merritt* and *Joseph P. Brown,* for plaintiffs.
*Samuel H. Sibley,* for defendants.