## Puett *v.* Strickland *et al.*

Atkinson, J. 1. A deed to land was duly signed by the grantor and attesting witnesses, and was handed by the grantor to the clerk of the superior court to be recorded. After the deed was recorded the clerk offered the deed back to the grantor, who refused to take it, declaring that it belonged to the grantee. The clerk's term of office soon expired, and his successor, finding the paper in the office, caused it to be handed to the grantee by a third person. *Held*, that the facts stated show actual delivery of the deed.

(*a*) It was immaterial whether the grantor died before or after the deed was actually taken from the office of the clerk of the court. *O'Neal* v. *Brown*, 67 *Ga.* 707.

2. In the deed the grantor reserved the right of possession of the property during his life, and in December, before his death, which occurred in January, he rented the property for the ensuing year at a stated price. After executing the deed the grantor executed a will, in the third item of which the rents of the land for five years after his death were specially devised to the wife of the testator for support of herself and minor children. The grantee brought suit in a justice's court against the tenant, for rent accruing after the death of the grantor. The tenant instituted a suit in the superior court, to enjoin the action in the justice's court, and to require the grantee named in the deed and the testatrix under the will to interplead in order that it might be decreed to which of them the rent should be paid. Both filed answers, and on the interlocutory hearing the uncontradicted evidence was to the effect as indicated in the preceding note. *Held*, that the grantee's estate under the deed was vested, and the right of possession accrued at the death of

13

the grantor (*Kytle* v. *Kytle*, 128 *Ga.* 387, 57 S. S. 748), and no interest in the rents passed by virtue of the will.

3. It was erroneous to enjoin the grantee's suit to recover the rents.

*Judgment reversed. All the Justices concur.*

OCTOBER 13, 1915.

Injunction. Before Judge Patterson. Forsyth superior court. April 17, 1915.

*Gober & Jackson* and *Henry N. Kirby*, for plaintiff in error.
*F. Theo. Wills* and *J. P. Brooke*, contra.