## BAXTER *v.* CHAPMAN *et al.; et vice versa.*

The court did not err in directing a verdict for the defendants.

Nos. 294, 295.  DECEMBER 13, 1917.

Complaint for land. Before Judge Tarver. Gordon superior court. March 6, 1917.

*Lang & Lang, F. A. Cantrell,* and *Maddox, McCamy & Shumate,* for plaintiff.

*Neel & Neel, Starr & Paschall, J. G. B. Erwin Jr., T. W. Skelly,* and *Eubanks & Mebane,* for defendants.

GILBERT, J. Annie Mae Baxter, by her guardian as next friend, brought her complaint for land against T. W. Harbin and J. E. Chapman. Upon the conclusion of the evidence the trial court, upon motion, directed a verdict in favor of the defendants; and the plaintiff excepted. The defendants filed a cross-bill of exceptions.

The construction of a certain written instrument signed by I. R. Arnold, and purporting to convey described land to his son, William S. Arnold, was invoked. Was this instrument a deed or a will? That portion of the instrument necessary to a clear understanding of the case was as follows: "containing 230 acres, more or less, together with all the rights and privileges thereunto belonging, in fee simple; and it is further distinctly understood by these presents that this deed of conveyance is not to take effect until after my death, but that as long as I live the said William S. Arnold, upon paying me reasonable rents for the same, is to merely occupy the premises by these presents conveyed as my tenant, and the same are to be cultivated and kept up under my direction and control by him, the said W. S. Arnold, and upon my death I direct W. K. Hopper, to whom I entrust this instrument, to deliver the same to the said W. S. Arnold that it may then and there place in him a perfect and complete title to the premises given and conveyed as aforesaid." The instrument was signed and sealed by I. R. Arnold as maker, and witnessed by three persons, one of whom was a notary public and justice of the peace.

This instrument must be construed to be a will, and not a deed. It is not essential to the validity of a deed that it be actually delivered during the lifetime of the grantor. Constructive delivery will suffice. *Wellborn* v. *Weaver*, 17 *Ga.* 269 (9), 272 (63 Am. D. 235). A deed left with a third person with instruction to deliver it during the lifetime of the grantor would manifest an intention to deliver, and would be constructive delivery although the third person failed to deliver the deed according to instruction. The paper in controversy in this case was never delivered to W. S. Arnold at all, for he died before the happening of the contingency named therein, to wit, the death of the father, I. R. Arnold; and it was the intention of the parties, as stated in the instrument, that the delivery was to await the death of the maker. This paper was attested by three witnesses, as is required for the attestation

of wills. ·The direction of a verdict for the defendants was necessary, because a recovery of the land could not be had in the present suit. Even if the action could be construed as an equitable action for a breach of contract, it would be fatally defective in that it does not make the administrator of I. R. Arnold a party.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*