MOSELEY *et al.* *v.* PHŒNIX MUTUAL LIFE INSURANCE COMPANY (four cases).

Nos. 6851, 6852, 6853, 6854.   December 13, 1928.

W. T. Burkhalter, for plaintiffs in error.

R. L. Williams Jr. and Lankford, Rogers & Newton, contra.

Gilbert, J.   These are claim cases, all controlled by the same issue.   The evidence demanded a finding of facts as follows:   The four claims were for portions of land formerly owned by A. S. Moseley, father of the claimants, and conveyed by him to the latter.   Subsequently to such conveyances, Mrs. Louvenia V. Moseley, wife of A. S. Moseley and mother of claimants, applied, through Howard M. Smith & Company, for a loan of $15,000, offering as security 1691 acres of described land which included all of the land conveyed as above stated to claimants by their father.   There were oustanding liens on the lands.   Mrs. Moseley's application for the loan contained the following statement:   "My husband originally purchased it [the land] and gave it off to our children. But in order to get the liens paid off they conveyed it to me.   I will put it in loan and pay off old liens, and we will all live on it and work it and pay off new loan together."   The application also contained the sworn statement that the applicant was in peacable possession of the land, that the title had never been questioned, and that the loan was granted upon the representations made by applicant.   The loan was granted, a note was signed, and a deed to secure the same, covering all of the land, was duly executed by the applicant, with the knowledge of all of the four claimants, who themselves executed to their mother separate warranty deeds conveying their interests in the land for a consideration of five dollars and love and affection.   The four claimants also executed a joint deed to their mother, for a consideration of ten dollars, conveying all of their interest in the entire tract of 1691 acres, being the same land later described in the security deed.   These deeds of the claimants were made for the purpose of enabling their mother to secure the loan.   The deeds were executed in the office of the attorney who prepared all of the instruments for obtaining the loan,

and after being so executed such deeds were left on the desk of the attorney, and all were promptly recorded. The money was obtained from the Phœnix Mutual Life Insurance Company in 1919, interest thereon to be paid annually, and the principal payable December 1, 1923. The debt was not paid. The lender sued on the note to judgment, and fi. fa. issued on November 30, 1926. Proper escrow deed was executed and filed by the holder of the security deed, for the purpose of effecting a levy and sale to satisfy the judgment. Claims were filed, and upon the trial the court directed a verdict against the claimants. The plaintiffs in error concede that the controlling point is whether the deeds executed by them to their mother were "delivered" so as to render such deeds effective to convey title out of them. The rulings will be found in the headnotes.

*Judgment affirmed. All the Justices concur.*