PIERCE *et al. v.* ALFORD & SONS *et al.*

No. 10191. FEBRUARY 16, 1935.

*Cooley, Stephens & Cooley,* for plaintiffs in error.

*John I. Kelley* and *Marvin A. Allison,* contra.

BECK, Presiding Justice. W. E. Pierce, a resident of Gwinnett County, Georgia, died leaving three minor children, his wife being

divorced from him. In August, 1928, before his death, he executed to his minor children a deed to certain lands, among which was a house and lot in the City of Lawrenceville, Georgia. In the deed it was stipulated that the grantor reserved possession of the lands so long as he might live, with the right to use the same and receive the rents, issues, income, and profits therefrom. The deed contained the further provision that it was made subject to a deed to secure debt in favor of the Brand Banking Company in the sum of $1947.78. After his death, an application was made to the court of ordinary of Gwinnett County, on behalf of the minor children, for a year's support, and on November 5, 1930, a judgment was rendered awarding them $1000 in money, which judgment has never been satisfied. Later, one of the minor children, Leslie Pierce, having attained his majority, filed an application to the superior court of Gwinnett County to partition the lands embraced in the aforementioned deed. Commissioners were appointed, and a return was filed; whereupon J. A. Alford & Sons, as creditors of the estate of W. E. Pierce, filed a petition to enjoin the proceedings, on December 2, 1932. Afterwards the other creditors of the estate intervened. On September 6, 1933, an amendment was filed, praying for cancellation of the deed as having been made to hinder, delay, and defraud creditors. On the trial of that issue a verdict and judgment were rendered in their favor, and the deed was ordered canceled. On November 6, 1933, the creditors caused execution to issue and be levied on the lot in the City of Lawrenceville, which was advertised for sale and was sold by the sheriff for $1000. The plaintiffs made demand upon the sheriff for the proceeds realized from the sale, to satisfy their judgment for year's support. The creditors ruled the sheriff for a distribution of the fund. In response the plaintiffs appeared, setting up a claim against the fund by virtue of their judgment for year's support. On the hearing the court ruled that the fund be distributed in favor of the creditors. The plaintiffs excepted.

Under the facts of this case the creditors were not entitled to the fund in question. The judgment should have been in favor of the children, and the fund paid to them under the judgment awarding them $1000 as a year's support. It is true that in *Odom* v. *Hoppendeitzel,* 153 *Ga.* 20 (supra), it was held: "A judgment of the court of ordinary allowing a year's support for the family of a de-

ceased person under the foregoing statute [Civil Code, § 4041] will not attach to property which has been conveyed away by the deceased prior to his death and is no longer a part of his estate." And in *Griffeth* v. *Haygood, 174 Ga.* 22 (supra), it was ruled: "Year's support can not be set apart in land to which the husband during his lifetime conveyed his title, although the conveyance was made to defraud his creditors." But those cases are not controlling here. There the court was passing on a conveyance, so far as the record shows, between parties able to contract, to deliver the deeds and accept them. But such is not the case here. The children to whom this deed was made were minors, and the fact that the deed may have been handed to them and actually accepted by them did not estop them from setting up a claim to a year's support after the father's death. The mere delivery of the deed by the grantor to the grantees was not binding upon grantees who could not contract. In *White* v. *Sikes,* 129 *Ga.* 508 (59 S. E. 228, 121 Am. St. R. 228), it was said: "If an infant makes a contract, either executory or executed, and receives the consideration in whole or in part during his minority and disposes of the same before his majority, either by losing, expending, or squandering it, this is nothing more than the law anticipates of him, and he will not be required to make any tender of the amount so disposed of before repudiating the contract which he made during his infancy." In *Southern Cotton-Oil Co.* v. *Dukes,* 121 *Ga.* 787, 792 (49 S. E. 788), it was said: "If an infant has 'lost, expended, or squandered the consideration during his minority, this is nothing more than the law anticipates of him, and he can not be required to purchase the right of reclaiming his own by still further abstractions from his estate. Otherwise, the rule would practically strike down the shield which the law, by reason of his inexperience and youth, throws around him.' " Where a deed given confers a benefit, there is, in certain cases, a presumption of acceptance. But in the present case it is doubtful if any benefit was conferred by the deed. In *Cobb* v. *Bank of Martin,* 46 *Ga. App.* 10 (166 S. E. 424), it was said by the Court of Appeals: "One who, though acting in good faith and without any effort to avoid liability on his part, voluntarily undertakes to give to a minor stock in a bank, and has the certificate issued in the child's name; remains liable to assessment as a stockholder as the true owner of the stock, for the reason that minors are incapable of assenting to

such a transfer so as to incur the liability imposed by the statute. The minor, on coming of age, would have a right of election either to affirm or avoid the entire transaction; in the meantime, the transfer of the stock having resulted to the child's disadvantage, the law will avoid it for him, thus leaving the liability upon the one making the transfer." While the decision last referred to relates to the transfer of bank stock, the principle has direct application to the issue in the case at bar. If under any circumstances the infant grantees in the deed could be allowed to repudiate it, they could certainly do so in a case like this. The claim of the children, the grantees in the deed in this case, is a claim of the highest nature. It is superior to the State's lien for taxes, as has been several times ruled; and this court has certainly ruled that it is superior to a judgment for alimony awarded to a wife, which judgment had been made a lien on the very land that produced the fund claimed as a year's support. See *Wainwright* v. *Morrow*, 180 *Ga.* 120 (178 S. E. 155).

This principle has been emphasized in the opinion in *Rakestraw* v. *Rakestraw*, 70 *Ga.* 806, where it was said: "Our law provides, as necessary expenses of administration and to be preferred before all other debts, a provision for the support of the family, whether the person whose estate is being administered die testate or intestate, solvent or insolvent. Code [1882], § 2571. So it seems that it is the policy of our law to provide for the support of the widow and minor children, the family of a deceased person, and the courts should, in all proper ways, forward and carry out this policy." And numerous other cases decided by this court could be cited, emphasizing the same idea. It is unnecessary to quote from other cases, but we call attention to the strong language employed by Chief Justice Bleckley in *Farris* v. *Battle*, 80 *Ga.* 187 (7 S. E. 262). In view of our statute (Code of 1910, § 4041), fixing the status of the widow and minor children relative to a year's support, and the authorities cited above, we are of the opinion that the court erred in the judgment rendered.

*Judgment reversed. All the Justices concur.*