24838. PLOWDEN *v.* PLOWDEN.

DECIDED DECEMBER 16, 1935. REHEARING DENIED FEBRUARY 29, 1936.

*J. W. Harris, H. A. Wilkinson, H. A. Wilkinson Jr., L. P. Skeen, Alexander McLennan, Howell & Post,* for plaintiff.

*A. S. Perry, Bennet & Peacock,* for defendant.

SUTTON, J.   When this case was here on demurrer it was held that the plaintiff in error was not entitled to have a year's support set apart to her out of certain land which had been conveyed to her for life by her husband before his death, with remainder to their children, as appeared from the caveat filed to her application for year's support. *Plowden* v. *Plowden,* 47 *Ga. App.* 751 (171 S. E. 388).   Before the remittitur from this court reached the trial court the applicant for year's support attacked the deed referred to above on the ground that it had not been delivered to her by the grantor during his lifetime nor delivered to any one for her, and that it was null and void.   The case proceeded to trial on the caveat and on this question.   The essential facts are these:   The deed was dated September 10, 1924, and conveyed a life-estate to the grantor's wife with remainder to their children.   The grantor retained possession and control of the premises during his lifetime. The deed was not recorded during the lifetime of the grantor.   The deed contained a recital that it was made subject to a certain debt due the deceased husband of the caveatrix.   The grantor died on May 3, 1929, and this deed was found among his papers in a lock box at the bank, attached to his will.   A son of the deceased grantor had the deed recorded on May 8, 1929, without being requested to do so by the widow.   The deed was signed by the grantor in the presence of two witnesses, one of whom was clerk of the superior court of the county in which the land lies, a proper officer to attest deeds to realty.   Some three years after the death of the grantor, his widow in a letter written to the caveatrix stated "I did not know that he [the grantor] gave you collateral on my farm until sometime afterwards, or I would have objected, as the property is mine, and I have deeds in my possession since September 10th, 1924." The caveatrix was undertaking to get the applicant to pay a debt of her deceased husband at that time.   The question involved and controlling in this case is whether or not there was a delivery of the deed to the grantee, the applicant for a year's support in this case, during the grantor's lifetime.   The following excerpts from

the charge of the court were excepted to by the plaintiff in error in her amended motion for new trial: "On the question as to whether or not the deed of E. W. Plowden to Mrs. Gussie Holt Plowden and her children, dated September 10, 1924, was delivered during the lifetime of E. W. Plowden, the court charges you (1) that inasmuch as said deed purported to have been signed, sealed and delivered in the presence of two witnesses, one of them being a clerk of the superior court, who is authorized to attest deeds, said deed is prima facie presumed to have been delivered, as the law presumes delivery of a deed, which has been duly attested," and "On the question as to whether or not the deed from E. W. Plowden to Mrs. Gussie Holt Plowden and their children, dated September 10, 1924, was actually delivered by said E. W. Plowden during his lifetime, you should consider not only the presumption of delivery which the law raises from the due attestation of the deed, but also the evidence bearing on that subject, including the testimony of the witnesses, and the conduct of the parties, which you think might show either delivery or nondelivery of the deed in the lifetime of E. W. Plowden, and also any admissions on the part of Mrs. Gussie Holt Plowden to the effect that she had had possession of said deed since September 10, 1924, if you believe any such admission of such a deed to be shown by the evidence," and "On the question as to whether or not the deed in evidence dated September 10, 1924, was delivered in the lifetime of E. W. Plowden, the court charges you it is not necessary that any of the grantees in the deed should be present at the time of the signing of that deed. If E. W. Plowden, in his lifetime parted with his control and dominion over the deed to any one to hold it for the grantee, then that would be a sufficient delivery of the deed, and in that event you should find in favor of the caveatrix in this case and deny any year's support," and "On the question as to whether or not the deed in evidence dated September 10, 1924, was delivered in the lifetime of E. W. Plowden, the court charges you that in order for the deed to become effective it was not necessary that an actual and manual delivery thereof be made to the grantee during the lifetime of said E. W. Plowden, but the law gives effect to a constructive delivery. If you believe such constructive delivery to appear from the evidence and a constructive delivery would result, if you believe that E. W. Plowden during his lifetime, with intention that the

deed should take effect, signed and sealed such deed, and then did any unequivocal act which showed that he intended for it to become immediately effective." The jury returned a verdict in favor of the caveatrix, and the applicant for a year's support, Mrs. Gussie Holt Plowden, grantee in the deed involved in this case, moved for a new trial on the general grounds, and by amendment added certain special grounds, including exceptions to the foregoing excerpts from the court's charge. The motion for new trial was overruled, and to this judgment the movant excepted.

Delivery of a deed conveying real property is essential to its validity, and delivery thereof is only complete when the deed is accepted. *Hill* v. *Hill,* 149 *Ga.* 509 (101 S. E. 121) ; *Stallings* v. *Newton,* 110 *Ga.* 875 (36 S. E. 227) ; Code of 1933, § 29-101. A deed that is not delivered does not operate to convey title out of the grantor thereof merely because of its proper execution. *Brown* v. *Story,* 94 *Ga.* 288 (21 S. E. 522). "It is not essential to the validity of a deed that it be actually delivered during the lifetime of the grantor. Constructive delivery will suffice. *Wellborn* v. *Weaver,* 17 *Ga.* 269 (9), 272 (63 Am. D. 235)." *Baxter* v. *Chapman,* 147 *Ga.* 438, 439 (94 S. E. 544). See also *Daniel* v. *Stinson,* 179 *Ga.* 701 (177 S. E. 590), and cit. Where it was shown that a deed was made, and that the grantor said that the land belonged to the grantee, but it was proved that the deed was never recorded during the lifetime of the grantor, and was found by the grantee among the papers of the grantor after his death, there was no sufficient evidence of delivery, and a verdict finding in favor of the delivery of the deed was without evidence to support it. *Maddox* v. *Gray,* 75 *Ga.* 452; *Martin* v. *Wall,* 141 *Ga.* 201 (80 S. E. 629). In the latter case the question was directly raised in the motion for rehearing, which was denied, that the *Maddox* case, supra, was not controlling therein as the presumption of delivery from proper attestation or execution was sufficient to entitle the case to be submitted to the jury. The deed in the *Martin* case was properly attested before a justice of the peace and in it the grantor provided that she was to remain in the premises as long as she might live. This deed was found in her trunk after her death and then recorded by the grantee, her son. The grantor had openly asserted before her death that she intended to give the property described in the deed to her son. She had consulted

the justice of the peace attesting the deed and the draftsman thereof, as to a will, and the latter had advised against it, the same involving some cost. The facts in the *Martin* case are very similar to those in the case at bar. The above appears from the original record in the *Martin* case of file in the office of the clerk of the Supreme Court and motion for rehearing appended thereto.

We are of the opinion that there was no presumption that the deed here involved was delivered to the grantee merely because of its execution before two witnesses, one of whom was an officer authorized to attest deeds, where the deed was never recorded during the grantor's lifetime, was found among his papers after his death and in a lock box to which no one but himself had access, where the grantor retained possession of the premises and treated them as his own. This case is weaker on its facts in the way of raising a presumption of delivery than the cases referred to just above.

We are of the opinion that the cases cited and relied on by the defendant in error are not controlling and decisive of the question for determination under the facts of this case. While in *Preston* v. *Ham*, 156 Ga. 223, 232 (119 S. E. 658), the court said that proper attestation of a deed "is presumptive proof of the deed's delivery" citing *Ross* v. *Campbell*, 73 Ga. 309 and *Mays* v. *Fletcher*, 137 Ga. 27 (72 S. E. 408), for the statement, the court there was dealing with the question whether the plaintiff who, as ordinary, was the attesting official witness of the deed, was estopped from asserting title to the premises in dispute because of his having signed the deed, it being there held that this attesting witness would not be estopped from claiming that the deed was not delivered on account of being properly attested any more than the grantor in such deed would be so estopped. In the *Preston* case the court quoted from Touchstone (1 Shep. Touch. 57) that "The delivery is either actual, i. e., by doing something and saying nothing, or else verbal, i. e., by saying something and doing nothing, or it may be both; and either of these may make a good delivery and a perfect deed." The court cited *Wellborn* v. *Weaver*, supra. and *O'Neal* v. *Brown*, 67 Ga. 707, 712, for the proposition that "A deed may be delivered by acts without words, by words without acts, or by both." Neither of these principles controls the case at bar. In the *Preston* case the court planted its decision on the fact that the grantor had placed

the deeds with a third person for delivery to the grantee, and that while on her death bed she instructed another to get the deeds and deliver them to the grantee at once, as the premises belonged to the grantee, and this court held that such conduct "amounted to a total and absolute renunciation by the grantor of the dominion over these deeds, and a valid delivery of them to the grantee;" that "Even though the deed reaches the grantee after the death of the grantor, having been previously left with a third person for the use of the grantee, it is a good delivery;" and that it was error for the court to charge the jury that "all instructions given at the hospital or at any other time with reference to the delivery of the deeds by Mrs. Ham should be construed by the jury to mean a delivery during her life, and not a delivery after her death." We do not think this case is authority for the position taken by caveatrix. In *Mays* v. *Fletcher*, supra, the second headnote is "The record of a properly executed deed is prima facie evidence of its delivery." In that case there was a deed properly attested for record, recorded during the lifetime of the grantor, and possession of the deed by the grantees, and the court held that where one had possession of land under a parol contract with the grantor, such possession on his part and retention of possession by the grantor after she had executed a deed to the premises to the plaintiff, were not sufficient to overcome the circumstances of proper attestation, recordation during the lifetime of the grantor, and possession of the deed by the grantees, as 'affording presumptive evidence of delivery. The court held that it was not error for the court to instruct the jury the proposition stated in the second headnote. It is true that in the opinion in the *Mays* case the court stated that "attestation of a deed by an officer authorized to witness a deed is presumptive proof of delivery," citing *Ross* v. *Campbell*, 73 *Ga.* 309, which will be referred to later. In *Black* v. *Thornton*, 30 *Ga.* 361, 379, the question was whether a deed found in the possession of the grantees should be presumed to have been delivered, the deed not having been delivered to them at the time of its execution, and the Supreme Court held that the deed was properly executed, and there was proof of a subscribing witness thereof, and that "delivery may be inferred from its possession by the grantees." In *Brown* v. *Brown*, 97 *Ga.* 531, 536 (25 S. E. 353, 33 L. R. A. 816), the court held that as to a deed, reserving a life estate in the grantor,

there was sufficient presumption of delivery where the deed had been recorded during the lifetime of the grantor. In *Gordon* v. *Trimmier*, 91 *Ga.* 472 (18 S. E. 404), the court held that "recording the deed, or having it recorded," on the part of the grantor, "would be sufficient . . evidence of delivery." The case of *Whiddon* v. *Hall*, 155 *Ga.* 570 is not controlling authority against what is ruled in the instant case. In the *Whiddon* case the deed was ·properly executed, it was recorded during the lifetime of the grantor, and the grantee held possession of the premises conveyed. Certainly in that case it was proper for the jury to consider whether there was a delivery of the deed to the grantee during the life of the grantor. Neither is the case of *Bourquin* v. *Bourquin*, 110 *Ga.* 440, 446 (35 S. E. 710), paralled to the case at bar. In that case the deed was properly executed, the grantor caused it to be recorded, and the grantor treated the property as the property of the grantee. It is true that in *Whiddon* v. *Hall* and *Bourquin* v. *Bourquin*, it is stated that where a deed is attested by a proper officer and executed in conformity with the law, a presumption arises that it has been delivered. For this proposition the case of *Ross* v. *Campbell*, 73 *Ga.* 309 is relied on. It was there held: "Where a deed purported on its face to have been delivered, and was duly recorded on the day after it was made, it was admissible in evidence, without further proof to show that it was not only signed but delivered. The record itself is presumptive proof of delivery. . . The attestation of the deed by a magistrate raises a like presumption." In the opinion, Justice Hall, after stating that the record itself is presumptive proof of delivery, said: "It was attested by a magistrate and this authorizes a like presumption. 53 *Ga.* 59 citing 17 *Id.* 62." In that case it appeared that the deed purported on its face to have been delivered, that it was executed before two witnesses, one of whom was a justice of the peace, that it was recorded the day after it was executed, and that the grantor gave in for taxes the lot conveyed as the property of the grantee for two or three years immediately succeeding its execution. The Court held that "Where all of these circumstances united, in the absence of explanation or rebutting proof, they would show the delivery of the deed, although it was in the possession of the grantor when he had died some years after its date." The case referred to, *Highfield* v. *Phelps*, 53 *Ga.* 59, did not hold as stated

by Justice Hall. In that case it was held that "If one of the attesting witnesses to a deed be a magistrate, the conclusion of law is that he saw the instrument legally executed—that is, signed, sealed and delivered, so as to authorize the same to be admitted to record." The question in that case was whether a deed was legally probated so as to entitle it to be recorded. In the opinion it was stated that "A deed to land executed in this State must be attested by at least two witnesses, and if one of the attesting witnesses is a justice of the peace or a notary public, that will entitle the deed to be recorded." The deed in that case recited "In witness whereof, I have hereunto affixed my seal and assigned my name in the presence of," etc., and was attested by two witnesses one of whom was a justice of the peace. The court stated "The objection to the attestation clause in this deed is, that it does not recite that it was *delivered.*" The court held that it was error to exclude the deed, under authority of the ruling in *Dinkins* v. *Moore,* 17 *Ga.* 62. In that case it was held that a deed witnessed "in the presence of" two witnesses, one of them being a "J. P." is sufficiently attested to admit it to record; and "the conclusion of law, from this general form of attestation is, that the subscribing witness saw the grantor sign, seal and deliver the deed, for the purposes therein mentioned." The question in that case was whether the deed was legally recorded, and not whether it was delivered during the life of the grantor. In the opinion the court said: "It is stated, in the argument that the circuit court held the registry void on the authority of *Rushin* v. *Shields & Ball* (11 *Ga.* 636). The deed in that case was recorded upon the affidavit of one of the subscribing witnesses, who swore 'that he saw the grantor sign and seal the deed, and for the purposes therein named,' &c. He failed to depose that he saw the deed *delivered;* and for that reason this court decided that the proof of the execution was insufficient." The court stated that in their opinion under the attestation clause in the deed in that case "If neither of the witnesses be an officer, any one of them may prove its execution by making the usual oath. And that if one of them be a magistrate, the officer appointed by the law to perform this duty, the conclusion of law is, that he saw the instrument legally executed; that is, signed, sealed and delivered." In none of these cases was there the question that mere proper execution and attes-

tation of a deed alone would raise a presumption of delivery during the lifetime of the grantor, where the deed was never recorded and was found among the papers of the grantor after his death, and there were no other circumstances indicating delivery. It will be seen that in *Highfield* v. *Phelps* and *Dinkins* v. *Moore*, supra, the question of delivery was not for decision, but whether a deed was properly attested so as to entitle the same to be recorded. The main object of the execution of a deed before two witnesses, one of whom must be an officer authorized to attest deeds, is to entitle it to be recorded. A deed is valid between the parties thereto, though not witnessed, when the other essential requirements are complied with. *Munroe* v. *Baldwin*, 145 *Ga.* 215 (88 S. E. 947) ; 4 Enc. Dig. 293. It is our opinion that *Maddox* v. *Gray*, and *Martin* v. *Wall*, supra, under their facts, were much stronger as showing delivery than the case at bar; yet the Supreme Court held that there was no evidence or presumption of delivery. In those cases there was proper execution of the deed and the statement by the grantor that the premises belonged to or that he intended for the grantee to have the same. In *Maddox* v. *Gray*, supra, the deed conveyed a present estate, as in this case, and in *Martin* v. *Wall*, supra, the deed reserved a life estate in the grantor with remainder to her son. In the case at bar there is only the proper execution and attestation of the deed, and the fact, if it can be considered a fact or circumstance indicating delivery, that the widow of the grantor, the grantee in this deed, claimed, sometime after the death of her husband and after the deed was found among his papers in a lock box at the bank, to which she had no access, and the recordation of this deed by his son after his death, without any instructions from the widow and grantee, in a letter to the caveatrix, concerning the indebtedness claimed by the caveatrix as due her out of these lands, that she did not know that her husband had encumbered these lands, that they were hers (the grantee's), and that she had held deeds thereto since September 10, 1924. At the time the grantor executed the deed involved here, which was made subject to the indebtedness referred to in this case, he had on September 6, 1924, made a deed to his wife, the grantee in the deed now dealt with, to the house and lot owned by him in town, and that deed was recorded on September 10, 1924, the very day the deed involved in this case was made, and that deed was turned over to the

grantee and kept by her in a box at the home where she kept her papers. At the same time he executed the deed in this case the grantor executed a will, and the deed in question was found in his lock box attached to this will after his death. After the date of the execution of the deed, the delivery of which is sought to be established and which is denied by the grantee, the grantor executed a mortgage to the same premises, which was a renewal of a prior mortgage given thereon by him to the husband of the caveatrix, his son, who predeceased him. The grantee, the widow seeking the year's support here, testified that she was merely "bluffing" the caveatrix by her statement in the letter, when the caveatrix was trying to collect the debt due by applicant's deceased husband. No one acted on this statement nor received any detriment, and no benefit was derived therefrom by the widow. The widow testified that she knew nothing of the execution of the deed by her husband until after his death. At the time she made the statement in the letter to caveatrix, all the facts concerning this deed had come to light, she knew about it then, and she explained why she made the statement. We are of the opinion that the statement of the grantee in the above letter did not estop her from claiming that the deed in this case was never delivered to her during the life of the grantor, nor from seeking to obtain a year's support out of the lands described therein. As to estoppel see *Preston* v. *Ham,* supra; *Cook* v. *Flanders,* 164 *Ga.* 280, 291 (138 S. E. 218); *Pierce* v. *Alford,* 180 *Ga.* 327 (179 S. E. 84).

Applying the principles above stated and under the facts of this case, the trial court erred in charging the jury that proper attestation of a deed alone raises a presumption of its delivery. This charge was erroneous, was misleading and confusing to the jury and was harmful error requiring the grant of a new trial. It was erroneous and harmful because it was an incorrect statement of the law, and under the facts of this case, there being no question that the deed was not properly executed, it amounted to a direction of a verdict in favor of the caveatrix.

While it is true that delivery of a deed to a grantee may be effected after the death of the grantor where such deed has been delivered, prior to his death, by the grantor to some third person for delivery to the grantee (see *O'Neal* v. *Brown,* 67 *Ga.* 707, 715; *Puett* v. *Strickland,* 144 *Ga.* 193, 86 S. E. 547; *Baxter* v. *Chap-*

*man,* 147 *Ga.* 438, 94 S. E. 544), but under the evidence adduced in this case this issue was not involved, and the judge erred in giving this principle in charge. It is error to charge an inapplicable, though correct abstract principle of law, not warranted by the evidence, and which tends to mislead and confuse the jury. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880) ; *Armstrong* v. *Penn,* 105 *Ga.* 229 (31 S. E. 158) ; *Cooper* v. *Georgia Power Co.,* 44 *Ga. App.* 581 (162 S. E. 302).

The plaintiff in error properly and sufficiently assigned error on the excerpts from the charge of the court, hereinbefore set out. As this case is being reversed on account of errors in the charge of the trial court, the sufficiency of the evidence will not be passed upon except to hold that the verdict in favor of the caveatrix was not demanded. For the foregoing reasons, the judge erred in overruling the motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*