MOORE *v.* MOORE *et al.*

No. 12792.   June 14, 1939.

304

*Dalton & Brooke,* for plaintiff.
*J. H. Anderson* and *D. W. Mitchell,* for defendants.

BELL, Justice. (After stating the foregoing facts.)

■ "It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties." *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867). In the instant suit to cancel a deed alleged to have been made by the plaintiff to his wife, since divorced, and their two children, while the plaintiff averred that he was in possession of the property, it is apparent from all of the allegations that the defendants themselves were in actual possession, and that the averment as to the plaintiff's possession was based solely upon the theory that under the facts alleged their possession was his. The allegations of fact do not support this conclusion; and it is apparent from the petition that the defendants are in actual possession of the property, holding it adversely to the plaintiff. The general rule is that in order for a plaintiff to maintain an equitable petition to remove a cloud upon his title, he must allege and prove possession in himself. There are exceptions to this general rule, (1) in cases of wild lands, and (2) where there is a distinct head of equity jurisdiction sufficient to support the action, as where deeds are obtained by fraud or other illegal means. *Mentone Hotel & Realty Co.* v. *Taylor,* 161 *Ga.* 237 (130 S. E. 527); *Miller* v. *Jennings,* 168 *Ga.* 101 (6) (147 S. E. 32); *Simpson* v. *Kelley,* 171 *Ga.* 523 (156 S. E. 198). In the present case, however, there were no allegations to show that the deed was obtained by fraud or other illegal means, or to establish any other exception to the general rule just stated. *Lightner* v. *Belk,* 178 *Ga.* 766 (5) (174 S. E. 349). The petition therefore falls under the general rule, and as thus construed does not state a cause of action.

■ Furthermore, even regardless of possession, under a proper construction of the deed in question, it conveyed to the grantees therein named, the wife and two sons of the grantor, the fee-simple title to the property therein described, as tenants in common, except that the interest of the wife was only for such period as she remained the wife or widow of the grantor, with remainder to the sons; and except the further condition that the property could not

■

be sold during the minority of the youngest son, unless the deed made in pursuance of such sale "is signed" by the grantor. There were no other conditions. The wife having been divorced and the youngest son having arrived at his majority, the fee-simple title was vested unconditionally in the sons as tenants in common. See Code, § 29-109; *Fletcher* v. *Horne,* 75 *Ga.* 134 (2); *Harrison* v. *Harrison,* 105 *Ga.* 517 (31 S. E. 455, 70 Am. St. R. 60); *West* v. *Wright,* 115 *Ga.* 277 (41 S. E. 602); *Ward* v. *Ward,* 176 *Ga.* 849 (3) (169 S. E. 120). In view of the allegations to the effect that the plaintiff's purpose in executing the deed was to provide a home for his wife and children as long as she remained his wife or widow and the youngest child was a minor, that the grantor himself had the deed recorded, and that the purpose for which the deed was executed had been accomplished, the plaintiff grantor can not maintain that the deed was never delivered. *Moseley* v. *Phœnix Mutual Life Insurance Co.,* 167 *Ga.* 491 (145 S. E. 877). See also *Puett* v. *Strickland,* 144 *Ga.* 193 (86 S. E. 547); *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204); *Baxter* v. *Chapman,* 147 *Ga.* 438 (94 S. E. 544). The allegations as to the purpose for which the deed was made, considered with the recitals contained in it, show that it was based upon a sufficient consideration. Code, §§ 20-303, 30-215, 74-105. The deed did not create an implied trust in favor of the grantor, as contended by him.

Under the foregoing rulings, the court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur.*