## HADAWAY v. HADAWAY.

No. 13653.   MAY 19, 1941.

*Fine & Hendrix* and *Russell G. Turner,* for plaintiff in error.

*Hugh B. Cobb* and *Robert L. Evans,* contra.

BELL, Justice. ■ The first count of the petition stated a cause of action based on the theory of an implied trust, whether or not upon other theory. Code, § 108-106; *Brown* v. *Doane,* 86 *Ga.* 32 (12 S. E. 179, 11 L. R. A. 381) ; *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126). From the allegations it does not appear that the cause of action was barred by limitation. An action to impose or enforce an implied or constructive trust as to land must generally be brought within seven years from the time the cause of action accrues; but where the alleged trustee recognizes the trust and treats it as subsisting, suit may be brought at any time within seven years after notice of adverse claim, unless from the particular circumstances the claim is barred by laches. *Wallace* v. *Mize,* 153 *Ga.* 374 (2, 3) (112 S. E. 724) ; *Roach* v. *Roach,* 143 *Ga.* 486 (85 S. E. 703) ; *McFadden* v. *Dale,* 155 *Ga.* 256 (4) (116 S. E. 596) ; *Purvis* v. *Johnson,* 163 *Ga.* 698 (3, 5) (137 S. E. 50) ; *Pickens* v. *Jackson,* 152 *Ga.* 100 (2) (108 S. E. 536). According to the allegations, the suit was filed within less than seven years after notice of adverse claim, and therefore was in time. The petition did not show any kind of gift; and consequently there is no merit in the contention that the suit is barred under the Code, § 48-107, declaring that suits to avoid gifts obtained by undue influence of one standing in a confidential relation must be brought within five years.

Laches is an equitable defense, and a petition for equitable relief is not subject to demurrer on the ground of laches unless the alle-

gations of fact affirmatively show such defense. "There is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. . . Laches is not, like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Equitable Building & Loan Association* v. *Brady,* 171 *Ga.* 576, 585 (156 S. E. 222) ; *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.* 717 (3-c) (156 S. E. 603) ; *Bass* v. *Milledgeville,* 180 *Ga.* 156 (178 S. E. 529) ; *Dollar* v. *Fred W. Amend Co.,* 184 *Ga.* 432 (191 S. E. 696) ; *Bleckley* v. *Bleckley,* 189 *Ga.* 47, 58 (5 S. E. 2d, 206) ; 60 C. J., § 133. In the present case the first count did not show that the plaintiff is barred by laches. Under the allegations the plaintiff as an heir at law had the right to sue for enforcement of an implied trust to the extent of his proportionate interest in the realty. *McClure Realty & Investment Co.* v. *Eubanks,* 151 *Ga.* 763 (108 S. E. 204) ; *Stonecypher* v. *Coleman,* 161 *Ga.* 403 (3) (131 S. E. 75). In the briefs there is no reference on either side to the allegations touching mental capacity of the grantor. There was no demurrer on the ground of duplicity. Nor was the petition fatally defective and subject to general demurrer because of discrepancy, as to dates, between the recitals in the deeds themselves and the allegations as to time. It could be true that the deeds were executed on dates different from those recited therein. The first count was not subject to demurrer on any ground urged.

■ The second count was based on the theory that the deeds were void because they were "given" by the grantor to her *own agent,* to be held subject to the grantor's wishes until after her death, and were never delivered to and accepted by the grantee until after the death of the grantor. No argument has been presented on the question whether in these circumstances the deeds would be void as conveyances of title, this being apparently assumed by counsel on both sides; and therefore we make only passing reference to this question. Seemingly the petition stated a cause of action for cancellation on this ground. *Wellborn* v. *Weaver,* 17 *Ga.* 267 (10) (63 Am. D. 235) ; *Maddox* v. *Gray,* 75 *Ga.* 452 ; *Martin* v. *Wall,* 141 *Ga.* 201 (2) (80 S. E. 629) ; *Baxter*

v. *Chapman,* 147 *Ga.* 438 (94 S. E. 544); *Daniel* v. *Stinson,* 179 *Ga.* 701 (177 S. E. 590); *Plowden* v. *Plowden,* 52 *Ga. App.* 741 (184 S. E. 343). Regardless of this question, however, the second count was subject to demurrer for the reason principally urged, namely, that it appeared to be barred by limitation. This was not an action quia timet under the Code, § 37-1410. The petition does not allege whether the plaintiff or the defendant is in possession of the land, or that the defendant did not enter into possession on death of the grantor and delivery of the deeds. Since the petition is being considered on demurrer, it must be construed most strongly against the pleader; and when it is so construed we can only assume that the plaintiff was not in possession at the time the suit was brought and has never been in such possession. Cf. *Carter* v. *Walden,* 136 *Ga.* 700 (71 S. E. 1047); *Cleaveland* v. *LaGrange Banking & Trust Co.,* 187 *Ga.* 65 (3) (200 S. E. 137). In the circumstances, according to previous decisions of this court, a petition for cancellation of the deeds should have been brought within seven years. *Whittle* v. *Nottingham,* 164 *Ga.* 155 (3), 161 (138 S. E. 62). See also *Griffin* v. *Stephens,* 119 *Ga.* 138 (46 S. E. 66); *Lundy* v. *Lundy,* 141 *Ga.* 387 (81 S. E. 129). The second count alleged no facts to prevent the running of the period, as did the first count; and so the court erred in not sustaining the demurrer to the second count on the ground it appeared to be barred by limitation.

In the third count the plaintiff seeks, as one of the heirs at law of the grantor, to recover an alleged proportionate part of the purchase-money, basing his claim on the theory of a sale with the purchase-money unpaid. Each of the deeds appears to have been executed under seal, and according to this count they were accepted by the grantee. It is contended by the defendant that an action for the purchase-money in such case should be brought within four years. The plaintiff insists that the period is twenty years. As between the parties in this case, we think no decision should be made upon these contentions. See generally, Code, §§ 3-706; 3-703; *Stansell* v. *Corley,* 81 *Ga.* 453 (8 S. E. 868); *Kytle* v. *Kytle,* 128 *Ga.* 387 (3) (57 S. E. 748); *Whittle* v. *Nottingham,* supra; *Persons* v. *Dallas,* 178 *Ga.* 778 (174 S. E. 699); *Brice* v. *National Bondholders Corporation,* 187 *Ga.* 511 (2) (1 S. E. 2d, 426). We refrain from any ruling thereon, because it is clearly apparent that

the plaintiff as an heir at law has no right at all to sue in such case. This particular count is an action at law, notwithstanding it is placed in a petition containing equitable counts. Under the allegations of fact, any cause of action for the purchase-money would be personalty, and the right to sue would be in an administrator. Code, §§ 3-108, 113-901; *Bryant* v. *Atlantic Coast Line Railroad Co.*, 119 *Ga.* 607 (46 S. E. 829) ; *Massell Realty Co.* v. *Hanbury*, 165 *Ga.* 534 (5), 552 (141 S. E. 653) ; Bowen *v.* Lansing, 129 Mich. 117 (88 N. W. 384, 57 L. R. A. 643, 95 Am. St. R. 427) ; 9 R. C. L. 82, § 77; 11 R. C. L. 123-124, § 128. See especially *Brown* v. *Mutual Life Insurance Co.*, 146 *Ga.* 123 (90 S. E. 856). Otherwise, as to heirs at law basing their claim upon the interest of a deceased *vendee*. *Weems* v. *Kidd*, 37 *Ga. App.* 8 (2) (138 S. E. 863) ; Bowen *v.* Lansing, supra. Whether an heir at law of a grantor could sue to recover unpaid purchase-money under any circumstances, no special facts were alleged to show the right in this case. See *Denny* v. *Gardner*, 149 *Ga.* 42 (99 S. E. 27) ; *Holt* v. *Industrial Life & Health Insurance Co.*, 182 *Ga.* 563 (186 S. E. 193).

▪ The court erred in not sustaining the general demurrer to the third count. Since the foregoing rulings would appear to be controlling on the case as now presented, it is unnecessary to decide more as to any one of the several counts.

*Judgment affirmed in part and reversed in part. All the Justices concur.*