WOOD *v.* KEEN *et al.*

HAWKINS, Justice. 1. When the plaintiff's right to recover depends upon the establishment of a particular fact, and the only proof offered for this purpose is circumstantial evidence, he is not entitled to recover when by the positive and uncontradicted testimony of unimpeached witnesses, which is perfectly consistent with the circumstantial evidence relied on by him, it is affirmatively shown that no such fact existed. *Taggart* v. *Savannah Gas Co.,* 179 *Ga.* 181 (1) (175 S. E. 491).

2. In this case, C. D. Wood, as the surviving husband and heir at law of Mrs. Jennie Wood, deceased, sought to set aside and cancel a deed to described lands in Laurens County, Georgia, dated September 15, 1939, from his wife, Mrs. Jennie Wood, to her grandchildren, C. B. Keen and Othelia Keen, for life, and after their death to their children, upon the ground that the deed was never delivered by the grantor to the defendant grantees, nor to any one else for their benefit. The evidence relied on by the plaintiff to establish that the deed had never been delivered was the testimony of the plaintiff, his son, and two named witnesses who resided on the property, to the effect that the grantor remained in possession and control of the property to the time of her death on December 18, 1946; that they were present at the home of the grantor on the date of her death, and that the defendant C. B. Keen came to the home about dark on that date; that some of the witnesses saw him get from his sister, the other defendant and grantee in the deed, the keys to a trunk located in the bedroom of the deceased, and take therefrom certain papers, some of which he kept, and others he threw in the fire, one of the witnesses testifying that he saw this defendant take from the trunk an envelope upon which the word "deed" was written, but that he did not know whether the envelope contained a deed; that, in conversation with the defendant, C. B. Keen, that night and the following day, he made no claim to having a deed to the property until after the reading of a will of the grantor in the ordinary's office the day following her death, which will did not refer to this particular property; that the deed was not recorded until the day following the death of the grantor and before her burial the following day. It is insisted by the plaintiff in error that the jury would have been authorized to infer from this circumstantial evidence that the deed was never delivered by the grantor to

the grantee, but that possession thereof was obtained by C. B. Keen from the trunk in her home after death. *Held*:

Applying the principle announced in the preceding headnote to the circumstantial evidence relied upon by the plaintiff, we hold that it was not sufficient to demand a finding in the plaintiff's favor, when the positive and uncontradicted testimony of the defendant, C. B. Keen, and one Whitehurst, the scrivener of the deed and official witness thereto, was to the effect that the deed, which contains an attestation clause in usual form, was delivered by the witness Whitehurst to the defendant, C. B. Keen, in the presence of the grantor on the Sunday following the date of its execution; that C. B. Keen then took the deed and continued to hold possession thereof in a safety deposit box in a named bank in Dublin from that time until it was recorded on the day following the grantor's death; and of another witness to the effect that he had seen the deed in this safety deposit box in the bank in Dublin in company with the defendant, C. B. Keen, in the fall of 1944. This testimony on the part of these unimpeached witnesses is perfectly consistent with the circumstantial evidence relied on by the plaintiff, for there was no evidence that the deed here involved was ever placed in the trunk in the grantor's home. The evidence demanded a verdict in favor of the defendants, and the trial court did not err in so directing. See, in this connection, *O'Neal* v. *Brown*, 67 *Ga.* 707; *Hill* v. *Merritt*, 146 *Ga.* 307 (2) (91 S. E. 204); *Willingham* v. *Smith*, 151 *Ga.* 102 (106 S. E. 117); *Moseley* v. *Phoenix Mutual Life Insurance Co.*, 167 *Ga.* 491 (145 S. E. 877).

*Judgment affirmed. All the Justices concur.*

No. 17201. October 9, 1950.

*T. Ross Sharpe* and *J. Ellis Pope*, for plaintiff. *Jackson & Graham*, for defendants.