27532, 27533. GRAY v. ALEXANDER; and vice versa.

Submitted October 11, 1972—Decided November 9, 1972.

*Atkins, Drew & Jones, Ben S. Atkins, Don M. Jones,* for appellant.

*Isabel Gates Webster,* for appellee.

GRICE, Presiding Justice. This appeal and cross appeal result from the probate of the will of Clarabelle Briggs Williams. Thomas Alexander, the named executor, first probated it in common form, but upon petition of Doris Jean Briggs Gray he was required to offer it for probate in solemn form. Such probate was denied, and Alexander, the propounder, appealed to the Superior Court of Fulton County. There the jury returned a verdict upholding the will, notwithstanding caveats asserting lack of testamentary capacity and undue influence. Judgment was duly entered probating the will in solemn form.

Thereupon the caveatrix Gray filed a motion for new trial which asserted: (1) the general grounds; (2) refusal to admit a certain document in evidence; and (3) failure to instruct the jury that the question of the legitimacy of the caveatrix was not an issue in the case and that the court had found as a matter of law that she was entitled to bring this action and inherit from the testatrix. The trial court denied this motion for new trial.

The caveatrix then appealed (Case No. 27532), enumerating as error the following: (1) denial of her motion for new

trial; (2) denial of her motion for directed verdict; (3) refusal to admit the documentary evidence referred to in the motion for new trial; and (4) failing to instruct the jury as to the question of legitimacy, also referred to in the motion for new trial.

The propounder Alexander in his cross appeal (Case No. 27533) enumerated as error the refusal to charge on legal status of an innocent offspring of an illicit relationship.

■ As we appraise the evidence it amply supports the jury's verdict in favor of the will.

(a) There was no evidence as to lack of testamentary capacity in support of the caveat asserting it. Each witness who was interrogated on this subject testified that the testatrix was of sound mind when she executed the will. The incurable physical illness from which she suffered, insofar as was shown here, did not affect her mental state.

(b) The evidence on the subject of undue influence did not demand a finding in favor of the caveat alleging it.

There was no evidence that the propounder solicited or procured the execution of the will, other than in compliance with instructions or directions of the testatrix.

While there was testimony to the effect that the testatrix in her terminal illness both before and after executing the will was confined to her home, that several witnesses were prohibited from seeing her, and that the propounder appeared to discourage them from doing so, this was at most a mere opportunity to exert undue influence. See *Brumbelow v. Hopkins,* 197 Ga. 247 (3) (29 SE2d 42).

Therefore the general grounds of the caveatrix' motion for new trial and the motion for directed verdict were not meritorious, and the enumerations of error predicated upon them were also without merit.

■ The refusal of the trial court to admit in evidence a notebook showing certain financial transactions between the testatrix and the propounder was correct.

The caveatrix contends that this evidence should have been admitted, if for nothing else, to impeach the propounder's testimony that the testatrix owed him money by show-

ing that he was actually in debt to her. However, these records were not relevant to any issue in the case in determining the testatrix' testamentary capacity or whether she voluntarily executed the will.

Therefore, the ground of the motion for new trial relying on this feature and the enumeration of error asserting it cannot be sustained.

■ Likewise it was not error to fail to instruct the jury that the question of legitimacy of the caveatrix was not an issue in the case. The court was not required to charge that specific issues were not involved. Here, the charge given covered all matters germane to the case. Nowhere was the jury told that the caveatrix could prevail only if she proved that she was legitimate. It follows that this ground of the motion for new trial and the corresponding enumeration of error cannot be sustained.

We find no error in the appeal, and therefore it is not necessary to consider the cross appeal.

*Judgment affirmed on appeal; cross appeal dismissed. All the Justices concur.*