**Sara Crowe HARRIS and Donald Cox, Plaintiffs-Appellees,**

v.

**The HERTZ CORPORATION, Defendant-Appellant.**

**No. 72-1573.**

United States Court of Appeals, Fifth Circuit.

Jan. 26, 1973.

Rehearing Denied Feb. 23, 1973.

Donald M. Fain, Atlanta, Ga., M. W. Parse, Jr., Leon Jaworski, Stephen D. Susman, Houston, Tex., for defendant-appellant.

James I. Parker, Cedartown, Ga., Howe & Howe, Donald B. Howe, Sr., Tallapoosa, Ga., Wade C. Hoyt, Jr., Rome,

Ga., A. J. Deindoerfer, Louisville, Ky., for plaintiffs-appellees.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

The basic facts in this case are clearly stated by this court in a prior opinion and we feel no need to reiterate them here. The Hertz Corporation v. Cox & Crowe, 5 Cir. 1970, 430 F.2d 1365.

This case was heard and reversed twice previously by this court. The first appearance was the appeal by the plaintiff Miss Crowe, now Mrs. Harris. In that initial appeal this circuit reversed the granting of a summary judgment by the trial court on an affidavit that Hertz was not doing business in the Bahamas at the time of the plaintiff's injury. Crowe v. Hertz Corporation, 5 Cir. 1967, 382 F.2d 681. The case then proceeded to trial and resulted in a verdict for the plaintiff, Mrs. Harris, for $205,000.00. The Hertz Corporation appealed that verdict to this court. This court again reversed, this time for the sole reason that the issue of scienter was not submitted to the jury by the trial court below. The Hertz Corporation v. Cox & Crowe, supra.

The court feels that several points of error raised by Hertz at this time have already been considered by this court in those two previous appeals and are now established as the law of the case. This court will consider here only the matters arising from the most recent trial proceeding in addition to the previous question of scienter.

We affirm the decision of the trial court for reasons set out below and for reasons stated in prior opinions of this court.

I

This court on the most recent appeal of this case found only one basis for a new trial. That reason was the district court failed to instruct the jury on scienter, supra at page 1377 of 430 F.2d. Upon examination of the most recent trial proceedings there is no doubt that the evidence presented was sufficient for a jury to find scienter present and that proper instructions were given to the jury by the trial judge. The trial judge went on to issue special interrogatories to guarantee specific consideration of scienter by the jury. The jury did so consider the question and its findings as to the facts are conclusive.

II

The only new matter that Hertz presented concerns the testimony of Mr. Cox during the trial and a motion made by Hertz at that time.

While being questioned by the plaintiff's attorney, Mr. Cox was asked whether he had been able to pay the judgment Miss Crowe had against him. Mr. Cox answered no. Hertz then moved for a mistrial. This court, after carefully scrutinizing the occurrences during the trial and the curative instructions given by the trial judge to the jury, finds no error can properly exist as regards this matter. The trial judge's cautionary instruction and his later charge to the jury concerning this testimony this court finds to be more than adequate to have prevented prejudice to Hertz.

Affirmed.