28908. STINSON et al. v. GRAY et al.
28909. KNOWLES et al. v. GRAY et al.

NICHOLS, Presiding Justice.

Doris Jean Briggs Gray filed suit in the Superior Court of Fulton County to have set aside, and canceled of record, two deeds purportedly executed by her now

deceased aunt. Some of the parties to this litigation were parties to the case in *Gray v. Alexander,* 229 Ga. 722 (194 SE2d 108). The basic contention of the plaintiff in this litigation is that such deeds were not delivered to the grantees therein. The case was heard by the trial court upon agreement of the parties without the intervention of a jury. On such trial there were but two issues to wit: (1) Was the plaintiff an heir at law of the alleged grantor in such deeds and (2) Were such deeds delivered to the grantees therein as contemplated by law. The trial court found for the plaintiff on both issues and it is from this judgment that the defendants in the trial court appeal.

The appellants in case No. 28908 were the named grantees in one deed and the appellants in case No. 28909 were the named grantees in the other deed.

1. While the finding of fact and conclusions of law of the trial court could have been fuller and more explicit yet it can not be said that such findings of fact and conclusions of law did not meet minimal standards as required by Code Ann. § 81A-152. The trial court found that the plaintiff in the trial court was an heir at law of the grantor in the purported deeds. This finding of fact authorized the conclusion that such plaintiff is a proper party in the present litigation. The trial court also found as a matter of fact that there had not been any delivery of the deeds by the grantor and concluded as a matter of law that such deeds were a nullity and should be canceled of record. Accordingly, the enumeration of error which contends that the trial court failed to comply with Code Ann. § 81A-152 is without merit.

2. The trial court was authorized to find that the plaintiff was the niece of the grantor in the deeds sought to be set aside and canceled. The evidence authorized the finding that the plaintiff's parents were living together as husband and wife at the time that she was born. Whether such union was void need not be decided. See *Campbell v. Allen,* 208 Ga. 274, 278 (66 SE2d 226).

3. In case number 28908 the judgment of the trial court that there had been no delivery of such deed as contemplated by law was demanded. The sole purported delivery relied upon was to a third party to such deed with instructions not to deliver the same to the grantees

until after the grantor's death. Under the decision in *Cooper v. Littleton,* 197 Ga. 381 (29 SE2d 606), any agency created by such instructions was revoked by the death of the grantor, and any authority to deliver the deed was thus terminated.

4. The appellants in case number 28909 rely heavily upon the case of *Wood v. Keen,* 207 Ga. 317 (61 SE2d 418). In that case like this case the contention was made that the deed was taken from the trunk of the deceased and recorded after the death of the grantor. In that case, unlike this case, there was no direct evidence that the deed was taken from the trunk after the death of the grantor and the scrivener testified that he delivered the deed to the grantee named therein immediately upon it having been executed and such testimony was un-contradicted and came from a non-interested witness.

In the case here it is uncontradicted that the deed was removed from a trunk owned by the deceased grantor after her death. The question to be determined by the trial court was whether there had been a prior delivery to one of the grantees and, if such delivery took place, did the named grantee place the deed back in the grantor's trunk after her death. The only witness who testified as to prior delivery and the placing of the deeds back in the trunk was the named grantee who testified on the trial of the case.

"In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and op-portunity for knowing the facts to which they testified, the nature of the facts to which they testified, and the probability or improbability of their testimony, their interest or want of interest, and also their personal credibility so far as the same may appear from the trial. The jury may also consider the number of witnesses, though the preponderance is not necessarily with the greater number." Code Ann. § 38-107.

The trial judge hearing this case without the intervention of a jury was not required to accept the testimony of this party to the litigation. "The interest of a witness in the result of the suit may always be

considered in passing upon his credibility; and where there are circumstances inconsistent with the truth of his testimony, the jury are not obliged to believe him, even though he is not contradicted by any other witness." *Detwiler v. Cox,* 120 Ga. 638 (48 SE 142).

Based upon all of the evidence the trial court was authorized to find that there had been no delivery, as contemplated by law, prior to the death of the grantor to this witness who was a grantee in such deed and one of the appellants in case number 28909.

*Judgments affirmed. All the Justices concur.*

ARGUED JUNE 10, 1974 — DECIDED JULY 16, 1974.

*Archie Bearden, Nancy McCormick, Nancy Cheves,* for appellants (case No. 28908).

*Don M. Jones,* for appellees.

*Isabel G. Webster, Frank Fuller,* for appellants (case No. 28909).

*Don M. Jones, Nancy Cheves, Nancy McCormick,* for appellees.