## 57563. LANE v. FARMERS & MERCHANTS BANK et al.

SHULMAN, Judge.

Appellant filed an action seeking cancellation of a security deed on her property and praying for an injunction to prevent the sale under foreclosure proceedings by appellee-Farmers & Merchants Bank. After the sale was allowed to proceed, the question of the valid selling price of the property and priority of the bank's lien was submitted to the trial court, sitting without a jury. This appeal follows a judgment declaring the bank's security deed superior to appellant's interest in the property and directing that the proceeds of the sale be applied toward satisfaction of the indebtedness evidenced by the security deed. We affirm.

1. Appellant attacks the findings of fact as being without evidentiary support. This is not well taken.

Evidence was presented which authorized a finding that a balance was remaining on the debt secured by the property at the time the property was sold. That no specific balance was recited in the court's findings will not render the findings of fact insufficient. See, e.g., *Stinson v. Gray,* 232 Ga. 542 (1) (207 SE2d 506).

2. The trial court, after consideration of the evidence, rejected appellant's argument that appellee-bank had engaged in a concerted effort with appellant's ex-husband to defeat the alimony judgment awarding appellant title to the property which is the subject of this litigation.

The court's finding that the bank took the security deed without actual or constructive notice of appellant's alimony judgment is supported by evidence. This being so, the judgment is not subject to reversal on evidentiary grounds.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED APRIL 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*Eva L. Sloan,* for appellant.

*D. D. Veal, John L. Parrott,* for appellees.